UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| HERITAGE HOME FOR FUNERALS INC., <br><br> Plaintiff, <br><br> vs. <br><br> HERITAGE CREMATION PROVIDER, LLC, <br><br> Defendant. | 4:17-CV-04086-KES <br><br><br> ORDER AWARDING ATTORNEYS' FEES |

Plaintiff, Heritage Home for Funerals, Inc., moves for an award of attorneys' fees in the amount of $21,894.50. Docket 54. Defendant, Heritage Cremation Provider, LLC, objects to 15 hours of the claimed attorneys' fees totaling $2,540.00 in dispute. Docket 62. Defendant also objects to any award of attorneys' fees that would be imposed against Anthony "AJ" Damiano.

The court finds that plaintiff is entitled to an award of attorneys' fees because this is an exceptional case under the Lanham Act. 15 U.S.C. § 1117(a). It is a case where the defendant's unlawful conduct was willful and deliberate. *See First Nat'l Bank in Sioux Falls v. First Nat'l Bank S.D.*, 679 F.3d 763, 771 (8th Cir. 2012). Plaintiff alleged in the complaint that defendant acted intentionally and willfully. Because defendant defaulted and failed to respond to the complaint, the court accepts this as having been proved. Additionally, during the subsequent hearings on the motion to hold defendant in contempt

and enforce the judgment, the evidence presented supported the conclusion that defendant acted intentionally and willfully. As a result, the modified default judgment provided that "defendant must pay Heritage's reasonable attorneys' fees in an amount to be determined through affidavits or declaration to be submitted by Heritage's counsel within 14 days[.]" Docket 53.

In determining an award of attorneys' fees, the court should consider the twelve factors identified by the Eighth Circuit in *Winter v. Cerro Gordo County Conservation Board*, 925 F.2d 1069, 1073 n.8 (8th Cir. 1991). The court has considered all the factors and finds that an award of $20,000.00 in attorneys' fees is reasonable based on the nature of tasks performed herein, the efforts of defendant to avoid compliance with the original judgment, the novelty of the questions involved in the litigation, and the experience and ability of the attorneys involved. Such an amount is also consistent with awards in similar cases. It should also be noted that this judgment is entered only against the defendant in this case, Heritage Cremation Provider, LLC. Thus, it is

ORDERED that plaintiff's request for an award of attorneys' fees (Docket 54) is granted. Judgment will be entered against Heritage Cremation Provider, LLC in the amount of $20,000.00.

Dated July 17, 2019.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE